Carr, J.
I consider the question submitted to the court, to have been substantially this, whether a father can bind his infant son apprentice by deed without the assent of the son ? If he could, then Massenburg had a right of action against Pierce, for enticing his apprentices from his service; if not, then he had no such right. This subject, I consider as untouched by any provision of our own statute law. When the attorney general quoted the statute providing that any apprentice bound by his father, may with the approbation of the court, after he shall be sixteen years of age, agree to serve till he shall be twenty-four or any shorter time, it struck me that the words bound by his father, seemed to acknowledge an unqualified power in the father to bind the son; but further examination has changed this impression. I find by the doctrines of the common law, long and well established, that a father cannot bind his infant son apprentice, without the assent of his son, and such assent proved by his signature to the indenture; but that, in this manner, he may bind him. This being the common law doctrine, well known to our law makers, when they speak of an apprentice bound by his father, they mean, I conclude, bound in that way in which a father may bind his son; that is, with his assent, shewn by his joining in the deed. If the statute had intended to abrogate the common law, and to confer on the father a new power, it would have used words expressive of such intent: but those employed clearly speak of an existing power, without meaning to add to or detract from it. As to the common law on the point, the authorities cited for the appellant, are decisive. I think the judgement must be reversed, and judgement entered for the appellant.
Cabell and Bbooke, J. concurred.
*496 Tucker,, P. The authority of a father to bind his son apprentice without his consent, is distinctly denied by various authorities; as appears in the case of The King v. Arnesby, cited at the bar. The passage in Com. Dig. Justice of peace. B. 55. which was quoted in that case, to sustain the power of the father, is truly declared to be unsupported by authority. In like manner, in The King v. Cromford, the indenture was held invalid because the infant had not executed it. Lewin on Settlements 251, 2. If the case was of the first impression, I should be of the same opinion. It is going very far to establish a rule by which every father would have the right to bind his child without his consent, whatever be his age or his circumstances, or the service, or the terms of that service. It would vest the power over a child on the borders of maturity, in a father perhaps his inferiour in discretion, and for the profit of the father, at the expense of the degradation of the child. Such a power cannot readily be conceded, and is, as we have seen, without authority to sustain it.
Respectable authorities, indeed, have asserted a right in the child to bind himself without his father’s concurrence; The King v. Mountsorrel, 3 M. & S. 497. The King v. Great Wigston, 3 Barn. & Cress. 484. The King v. Chillesford, 4 Id. 94. 10 Eng. C. L. R. 161. 279. Lewin 247. If such right really exists, it is obviously incompatible with the asserted right of the father. But as it is unnecessary to decide that question here; as the énglish cases on these questions, intermingle principles of the common law very frequently with statutory provisions, which it would require some pains to separate; and as the question of the emancipation of the child from parental authority is one of great delicacy, I shall not now venture to give an opinion upon it. See as to emancipation, 5 Barn. & Ald. 525. 1 Barn. & Cress. 348. Lewin 80, 81.
It was very strongly argued, that the wrongdoer cannot avail himself of the defect of the contract of apprenticeship; and Keane v. Boycott was cited. There is no doubt, that *497 where there is a contract of service, though it may be voidable between the parties, the wrongdoer cannot set up that as a defence. But the reason is, not merely that it is no concern of his, but that the contract being only voidable, it tnay be avoided or affirmed at the pleasure of the party. Thus, in the case of the negro boy who bound himself when a slave and under age, and who was seduced from his master’s service, it was decided, that the defendant could not make the objections of infancy and duress. The privilege was personal to the infant, who might waive it and conform to the contract, even if it was voidable (which by the way, it is not admitted to be, in all the cases ; 6 T. R. 557. 3 Barn. & Cress. 487. Lewin 299). So, in Westerdell v. Dale, 7 T. R. 310. it is said, that an indenture for a shorter period than that required by the statute of Dlizabeth, is not void but only voidable, and that at the election of the parties themselves; and that a third person cannot set up the objection. But these are cases in which there is a contract, though a voidable contract. But here is a case of no contract at all. In those cases, the contract might have been affirmed : in this, there is none to affirm. The infant’s assent by act in pais, by any act short of joining in the indenture would not suffice to bind him $ 3 Barn. & Aid. 584. The defendant may therefore well object, that there was no contract of service. Thus, in The King v. Cromford, where the indentures are considered void, it was strongly asked, how an action could be maintained by the supposed master against any person who should seduce the apprentice from his service.
This point is yet more clear if the child can bind himself without his father’s concurrence. For, if the father cannot bind the child, and the child can bind himself, then he who contracts for the service of the child with the child himself, must of course be protected by that contract, and have a right to rely on it. Otherwise, the child must yield to the unauthorized act of the father, or be an outcast incapable of getting into service. This cannot be.
*498 I am of opinion, upon the whole, that the indentures in , . 1 , , , . , . this case, were not admissible “to prove the apprenticeship 0r a legal contract of service such as to enable the plaintiff to maintain his action.” And the jury having found their verdict subject to the opinion of the court upon the point thus reserved, I think the judgement should have been for the defendant.
Judgement reversed, and judgement entered for the appellant.